`

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| | * | |
| **VERSUS** | * | **NO. 08-231** |
| | * | |
| **COREY WATTS** | * | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is Corey Watts's Motion to Amend Pre-Sentence Investigation Report. (Rec. Doc. 1562).  In this motion, Watts seeks to amend the report, which states that he stopped using drugs in 2005, to state that he continued to use drugs until 2008. (Rec. Doc. 1562 at 2). Watts states that this amendment would allow him to participate in further drug rehabilitation programs. (Rec. Doc. 1562 at 2).

On July 29, 2010 Watts pled guilty to conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine hydrochloride. The Presentence Investigation Report ("PSI") assessed Watts's Total Offense Level at 27 with a Criminal History Category of VI. (Rec. Doc. 1315 at 36, 39). On April 26, 2012 Watts was sentenced to 130 months in prison. (Rec. Doc. 1228). As part of the sentencing, the Court adopted the PSI at issue in this motion.

Watts filed this motion on September 19, 2014, asking the Court to amend his PSI. As adopted, the report indicates that he ceased using illegal drugs in 2005. (Rec. Doc. 1315 at 43). He asks the court to amend this portion of the report to indicate that his drug abuse continued through 2008 in order to facilitate his admission into the Bureau of Prisons Residential Drug Abuse Program. (Rec. Doc. 1562 at 2).

 **I.**  **LAW & ANALYSIS**

Rule 32(f) of the Federal Rules of Criminal Procedure indicates that the parties must state any objections to the report within 14 days after its receipt. Fed. R. Crim. P. 32(f)(1). The Fifth Circuit has held that Rule 32 "offers no basis for empowering the sentencing court to hear postsentence challenges to the PSI report." *U.S. v. Engs*, 884 F.2d 894, 896 (5th Cir. 1989). *See also U.S. v. Carter*, No. Crim.A. 01-059, 2006 WL 380867, p. 1 (E.D. La. 2006)(Berrigan, J.) (holding that the court had no jurisdiction to hear defendant's motion to amend his PSI approximately four years after the court sentenced the defendant). This rule embodies Congress's intent that all challenges to PSI inaccuracies be dealt with "at the optimum time—before sentence is imposed." *Engs*, 884 F. 2d at 897. "Once sentence is imposed, the district court's jurisdiction over the defendant becomes very limited. Execution of the sentence lies with the Bureau of Prisons and the Parole Commission." *Id.* at 896.

The Court in this case therefore lacks jurisdiction to consider the merits of Watts's motion and amend his Presentencing Investigation Report more than two years after his sentencing.

I.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Watts's Motion to Amend Presentence Investigation Report (Rec. Doc. 1562) is **DENIED**.

New Orleans, Louisiana this 17th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE